**Order entered October 10, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00238-CR

### JOSE EDUARDO GUERRERO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 6
### Dallas County, Texas
### Trial Court Cause No. F15-75211-X

## ORDER

Before the Court is appellant's October 8, 2018 "Motion to Correct Inaccuracies in Reporter's Record" in which he states Defendant's Exhibit 14 is "defective and unable to be reviewed." Along with the motion, appellant tendered a CD entitled "EXHIBIT."

This appeal was submitted on September 19, 2018. In his brief and during oral argument, appellant argued the trial court erred by refusing to admit the deceased's Facebook page video into evidence. Appellant does not refer to any exhibit number in his complaint. The reporter's record on file shows appellant played the video for the trial court outside the presence of the jury near the end of the first day of trial. The trial court did not admit the video for any purpose at that time. During punishment on the final day of trial (December 13, 2016), appellant offered and the trial court admitted Defendant's Exhibits 10 through 14, identified by appellant in open

court as "documents." He then sought again to introduce the video. It does not appear, from the discussion on the record, that the video was on a CD at the time it was offered or that it was given an exhibit number. Nevertheless, the trial court stated, "I will sustain the objection for all purposes, but I will allow it for record purposes only."

Because it appeared the video exhibit was admitted for record purposes, we examined the reporter's record for the DVD/Video but found none. In addition to not having this exhibit, the reporter's record contains several other issues with respect to Defendant's Exhibits. For instance, the Master Index lists Defendant's Exhibits as Exhibits 1-5 (each as a "Photo"), Exhibit 9 (identified as "Photo of Car" which is a photograph but not of a car), and Exhibits 10-15 (Exhibits 10-13 are listed as documents, Exhibit 14 is listed as "DVD/VIDEO," Exhibit 15 is listed as an "Offense Report."). With the exception of Defendant's Exhibit 14, the reporter's record contains these exhibits. However, the Master Index does not list Defendant's Exhibits 6, 7, and 8, each of which was offered and admitted at trial, and each of which is contained in the reporter's record. Of particular concern, however, is Defendant's Exhibit 14, labeled "DVD/VIDEO" in the Master Index.

Because this exhibit is central to appellant's third issue on appeal, we **GRANT** appellant's motion to the extent we **ORDER** the trial court to conduct a hearing at which Kelly Simmons is present and to make findings regarding the following:

- whether Defendant's Exhibit No. 14 was a document or a DVD/Video;

- if Defendant's Exhibit 14 was a document, the location of this document;

- if Defendant's Exhibit 14 is not a document, whether the deceased's Facebook video was Defendant's Exhibit 14 and whether it was placed on a CD/DVD and given to the court reporter for record purposes before the conclusion of trial;

- if the deceased's Facebook video was placed on a CD/DVD and given to the court reporter for record purposes before the conclusion of trial, whether court reporter Kelly Simmons has the exhibit or whether it has been lost or destroyed;

- if the deceased's Facebook video exhibit was placed on a CD/DVD and given to the court reporter, and has been lost or destroyed; whether (a) appellant is at fault for the loss or destruction of the exhibit; and (b) appellant and the State can agree to a substituted exhibit.

- in the event the deceased's Facebook video was presented to the court reporter on a CD/DVD before the conclusion of trial and is able to be located or the State and appellant can agree to a substituted exhibit, the date Kelly Simmons will file a supplemental reporter's record containing the video.

We **ORDER** the trial court to transmit a supplemental record containing its written findings of fact, any supporting documentation, and any orders to this Court within **TWENTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order to the Honorable Jeanine Howard, Presiding Judge, Criminal District Court No. 6; to Jan Williams, official court reporter, Criminal District Court No. 6; to Kelly Simmons, court reporter; and to all counsel for all parties.

We **ABATE** this appeal to allow the trial court to comply with this order. The appeal shall be reinstated when we receive the supplemental record containing the trial court's findings of fact or when the Court otherwise deems it appropriate to reinstate the appeal.


/s/     LANA MYERS
         PRESIDING JUSTICE